182 So.2d 702 (1966)
George HATFIELD
v.
Henry BERNOS et al.
No. 2043.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 1966.
Morphy, Freeman & Batt, A. D. Freeman, Jr., New Orleans, for plaintiff-appellee.
Max Nathan, Jr., and Kenneth W. Ford, New Orleans, for defendants-appellants.
Before McBRIDE, REGAN and SAMUEL, JJ.
SAMUEL, Judge.
This is a suit for personal injury and property damages incurred in an intersectional collision between two automobiles. Plaintiff was the owner and driver of one of the cars involved. The defendants are the driver of the other car, a 17 year old minor at the time of the accident, and his father. The suit is against the father individually and as administrator of the estate *703 of his son. The answer to the petition avers that the accident was caused solely by plaintiff's negligence and, alternatively, that there was contributory negligence on the part of plaintiff.
Defendants have appealed from a trial court judgment in the amount of $537.50 in favor of plaintiff. Plaintiff has answered the appeal seeking an increase in the award for personal injuries.
The accident occurred at about 2:30 p. m. on a clear day in the then uncontrolled intersection of Touro and Benefit Streets in the City of New Orleans. Touro runs north and south and Benefit runs east and west. Each street was approximately 20 feet in width and each accommodated two-way traffic. Evidence in the record is to the effect, and counsel for both sides agree, that the legal speed limits were 30 miles per hour on Benefit and 20 miles per hour on Touro. Plaintiff was driving east on Benefit and the defendant car was traveling south on Touro. Both cars were being driven to the right side of their respective streets. On the northwest corner of the intersection there was a double house, fronting on Benefit, which was set back approximately 20 feet from that street and a lesser distance from Touro along the side of the building. From a photograph introduced in evidence it appears that this building obstructed each driver's view of the intersecting street to some extent not shown by the record.
The defendant vehicle was struck on its side in the area of the right rear fender by the front portion of the plaintiff car. At the time the impact occurred the defendant vehicle had crossed approximately three-quarters of the intersection. The plaintiff vehicle left 28 feet of tire marks, obviously resulting from an application of its brakes. The defendant vehicle left none; its brakes were not applied. The collision caused the defendant car to spin around and come to a stop against a tree near the sidewalk of the southeastern corner of the intersection; the plaintiff vehicle came to a stop in the intersection very near to the point of impact.
There were two passengers in the plaintiff vehicle, plaintiff's wife and minor son. Generally, the wife corroborated plaintiff's testimony and the son, who was looking in another direction at the time of the collision, knew little about the occurrence of the accident. One passenger was in the defendant car, the driver's younger brother, who generally corroborated that driver's testimony.
Plaintiff's testimony was as follows: He was traveling 25 miles per hour as he approached the intersection. When he was about 20 to 25 feet from the corner the defendant car suddenly entered the intersection traveling approximately 25 to 30 miles per hour. Plaintiff immediately applied his brakes and turned to his right but was unable to avoid the collision. The defendant testified: He came to a full stop at the intersection, allowing two cars to pass; he saw plaintiff's car and proceeded to cross the intersection when that approaching vehicle was a full block away; he did not observe the plaintiff vehicle again until he heard brakes "squealing", looked to his right and saw the Hatfield car about 20 feet away; he then accelerated but was unable to avoid the accident. The defendant driver further testified that his speed in crossing the intersection was approximately 10 miles per hour prior to the time he accelerated.
In this court defendant contends: (1) the defendant driver enjoyed the right-of-way because he pre-empted the intersection; (2) alternatively, plaintiff was guilty of contributory negligence; and (3) in the further alternative, the award for personal injuries was excessive.
While it is true that the defendant vehicle did enter the intersection first, it is apparent that both vehicles would have entered the intersection at approximately the same time if the brakes of the plaintiff car had not been applied. Under these circumstances *704 the plaintiff car, which approached the intersection on the right, had the right-of-way in accordance with the pertinent provisions of Section 38-33(b) Traffic Ordinance, City of New Orleans, which reads as follows:
"Sec. 38-133. Vehicle Approaching or Entering Intersection.

(a) * * *
(b) When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.
(c) * * *"
Before a motorist successfully can rely on the doctrine of pre-emption he must show he entered the intersection at a proper speed and sufficiently in advance of the car on the intersecting street to permit him to cross without requiring an emergency stop by the other vehicle; entry into the intersection at the same time or just a fraction of a second ahead of the other vehicle does not create a pre-emption. Musco v. General Guaranty Insurance Company, La. App., 181 So.2d 881, handed down January 10, 1966; Scott v. Glazer, La.App., 164 So. 2d 185; Glass v. Toye Brothers Yellow Cab Company, 160 So.2d 329; Bell v. Duplessis, 150 So.2d 114.
On the uncontroverted physical facts it is obvious that the testimony of neither driver can be wholly correct. If plaintiff saw the crossing defendant vehicle when that car was only 20 or 25 feet away, or when the plaintiff was that distance from the intersection, and then applied his brakes, he could not have left 28 feet of tire marks resulting from the application of brakes. And if, as the defendant driver testified, the plaintiff was a block away at the time the former started to cross the intersection, plaintiff could not have reached the intersection prior to the time the crossing would have been completed by the defendant vehicle. Plaintiff would have had to be traveling at a speed greatly in excess of 100 miles per hour in order to reach the intersection before the defendant car completed its crossing if that crossing was commenced when plaintiff was a full block (or approximately 300 feet) away. There is no evidence that plaintiff was exceeding the speed limit.
While the trial judge did not give findings of fact or reasons for judgment, we are satisfied he came to the conclusion, as do we, that the defendant driver did not stop for the intersection and suddenly crossed when it should have been apparent to him that he could not safely do so. Under these circumstances the defendant car did not pre-empt the intersection within the meaning of the rule and the defendant driver was negligent.
And under these circumstances we agree with the trial court judgment to the effect that plaintiff was not guilty of contributory negligence. While it is true, as argued by defense counsel, that in approaching an uncontrolled intersection both drivers have a duty of observing the presence of approaching traffic and of taking action to prevent an accident, here we find that the plaintiff sufficiently fulfilled this duty. See Frisard v. Oalmann, La.App., 175 So.2d 407.
The personal injury award, which appellant contends is excessive and plaintiff contends is inadequate, was in the amount of $150. The injury was only a contusion to plaintiff's left knee. Plaintiff saw a doctor on just one occasion after the accident. The doctor did not testify; his report was introduced in evidence. The report shows the finding of a contusion and the fact that the doctor was of the opinion there would be complete recovery within a period of one or two weeks. The only mention of the injury in the testimony consists of brief answers given by plaintiff and his wife to the effect that the knee was swollen after the accident and that plaintiff, who was a carpenter, wasn't able to *705 climb a ladder, or put pressure on the knee, for "about a month". From a consideration of all of the record, we are of the opinion that injury to the knee was minimal and that the trial judge did not abuse his discretion in awarding $150 therefor.
The judgment appealed from is affirmed.
Affirmed.