275 So.2d 470 (1973)
James A. BECKEN et al., Plaintiffs-Appellants,
v.
STONEWALL INSURANCE COMPANY et al., Defendants-Appellees.
No. 12029.
Court of Appeal of Louisiana, Second Circuit.
March 6, 1973.
Rehearing Denied March 27, 1973.
*471 Brocato & Mangham, by W. Glen Mangham, Shreveport, for plaintiffs-appellants.
Bodenheimer, Jones, Klotz & Simmons, G. M. Bodenheimer, Jr., Shreveport, for defendants-appellees.
Before AYRES, BOLIN, and PRICE, JJ.
Rehearing Denied, En Banc March 27, 1973.
PRICE, Judge.
This is an appeal from the judgment of the trial court rejecting the demands of the plaintiffs in a tort action arising out of an intersectional collision happening in the city of Shreveport on October 25, 1969.
James A. Becken and his wife, Lucille H. Becken, seek property damages, medical expenses, loss of wages and damages for the personal injuries sustained by Mrs. Becken resulting from the accident hereinafter described. They are joined in the action by their collision insurer, State Farm Mutual Automobile Insurance Company, who seeks recovery for the amount paid under the policy for damage to the Becken automobile.
Defendants are Gerald Gordon Alley and his liability insurer, Stonewall Insurance Company.
The collision occurred at the uncontrolled intersection of Penick and Arkansas Streets at about 4:45 p. m. Mrs. Becken was driving easterly on Penick when her vehicle collided with the automobile being driven in a northerly direction on Arkansas by Alley.
Penick is a residential street with concrete paving and curbs. Arkansas is a blacktop street without curbs and as there are no residences facing the street, it is described as an inferior type of street to Penick. However, there was no ordinance providing for traffic proceeding on either street to have the right-of-way at the intersection, nor were there any stop or yield signs at the intersection.
Plaintiffs contend the accident was caused solely by the negligence of Alley in failing to yield the right of way to Mrs. Becken's vehicle which had preempted the intersection and, in the alternative, rely on the doctrine of last clear chance in the event any negligence is found on the part *472 of Mrs. Becken. Defendants deny any negligence on the part of Alley and specially plead that Mrs. Becken was guilty of negligence which was at least a contributing cause of the accident.
Mrs. Becken testified she was traveling at a slow speed (15 mph) as Penick Street was congested by an unusual number of cars parked on both sides of the street due to persons attending the State Fair nearby. As she approached Arkansas Street she contends she looked both to the left and right and did not see the Alley car approaching to her right. She drove into the intersection and had proceeded over half the distance thereof when she caught a glimpse of the Alley vehicle to her right just before the impact. The front of the Alley car struck the right rear of the Becken auto and both vehicles sustained heavy damage. Alley testified he had been driving around 25 miles per hour on Arkansas Street and as he approached the intersection he began slowing and had decreased his speed to around 20 miles per hour when he saw the Becken automobile coming into his path at such a time that the only preventative measure available to him was an immediate application of brakes. His vehicle left 22 feet of skidmarks prior to point of impact. There was no application of brakes by Mrs. Becken.
The trial judge found that although Penick was a more improved street than Arkansas, it had not been designated the right of way by ordinance and, therefore, the provisions of LSA-R.S. 32:121(B) were applicable, which accord the right of way to the vehicle approaching on the right. He further found the evidence to warrant the conclusion that both vehicles were approaching the intersection at about the same time. He therefore found the failure of Mrs. Becken to keep a proper lookout and to yield the right of way to the Alley vehicle approaching to her right was negligence which was a proximate cause of the accident, thus barring recovery by all plaintiffs.
We find no error in this conclusion and affirm the judgment appealed from.
At the time of this accident LSA-R.S. 32:121 (since amended by Acts 1972, No. 422, Sec. 1) read as follows:
"Sec. 121. Vehicle approaching or entering intersection
A. The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.
B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.
C. The right of way rules declared in Sub-sections A and B are modified at through highways and otherwise as hereinafter stated in this Part."
The trial judge has correctly applied LSA-R.S. 32:121(B) to the facts of this case. See Brazzel v. Farrar, 61 So.2d 517 (La.App. 2d Cir. 1952). The mere fact that one street is paved with concrete and the other is not does not of itself give the paved street a preferred status. Toups v. Trent, 85 So.2d 96 (La.App. 1st Cir. 1955).
We do not find the physical evidence nor the testimony to support plaintiff's contention that the accident was caused solely by the inattentiveness or excess speed of Alley in approaching this intersection. The length of skidmarks laid down by the Alley vehicle are indicative his speed was approximately at the rate testified by him.
*473 In a case with similar facts to those under consideration herein, the Fourth Circuit in the case of Hatfield v. Bernos, 182 So.2d 702 (La.App. 4th Cir. 1966), concisely stated the law on preemption as follows:
"While it is true that the defendant vehicle did enter the intersection first, it is apparent that both vehicles would have entered the intersection at approximately the same time if the brakes of the plaintiff car had not been applied. Under these circumstances the plaintiff car, which approached the intersection on the right, had the right of way in accordance with the pertinent provisions of Section 38-133(b), Traffic Ordinance, City of New Orleans.
* * * * * *
"Before a motorist successfully can rely on the doctrine of pre-emption he must show he entered the intersection at a proper speed and sufficiently in advance of the car on the intersecting street to permit him to cross without requiring an emergency stop by the other vehicle; entry into the intersection at the same time or just a fraction of a second ahead of the other vehicle does not create a preemption."
The doctrine of last clear chance urged in the alternative by plaintiff has no application to the facts presented here. There is no evidence showing that Alley could have taken any evasive action to have avoided the collision after discovering Mrs. Becken had placed herself in a position of peril. The application of brakes was the only course of action available under the circumstances and it appears he resorted immediately to his brakes on discovering the dangerous situation confronting him.
For the foregoing reasons the judgment appealed from is affirmed at appellant's cost.