309 So.2d 806 (1975)
Joseph A. ZITO
v.
Michael J. KUHN.
No. 6713.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1975.
Rehearing Denied April 21, 1975.
Joseph A. Barreca, New Orleans, for plaintiff-appellee.
Jesse S. Guillot, New Orleans, for defendant-appellant.
Before GULOTTA, STOULIG and BOUTALL, JJ.
GULOTTA, Judge.
Defendant appeals from an adverse judgment in an intersectional automobile accident case. We reverse.
The accident occurred on June 16, 1972, at approximately 3:00 p. m. at the uncontrolled intersection of LaSalle and Soniat Streets in the City of New Orleans. Plaintiff was traveling north on Soniat Street, and defendant was traveling west on LaSalle Street. As plaintiff reached a point just past the middle of the intersection of the two streets, the right rear door and fender of his vehicle were struck by the defendant's vehicle which entered the intersection from plaintiff's right. Soniat is a paved one-way street with paved curbs, and LaSalle is a blacktop two-way street with unpaved gutters.
Defendant contends on appeal that he entered the intersection from the right of plaintiff's vehicle and in such an instance, when both vehicles enter the intersection simultaneously, the driver on the right has the right of way. See LSA-R.S. 32:121 (B).
*807 Plaintiff, on the other hand, claims that Soniat is a preferred or favored street and that he (plaintiff) pre-empted the intersection conferring upon him the right of way.
The trial judge, in rendering judgment for plaintiff, based his decision on an erroneous legal conclusion that plaintiff was traveling on a favored street. Soniat Street at the uncontrolled intersection of LaSalle Street does not enjoy such status. In Becken v. Stonewall Insurance Company, 275 So.2d 470 (La.App. 2nd Cir. 1973), the court rejected a claim that one of two streets at an intersection similar to the one in the instant case was a favored street. The court said in Becken that merely because a residential street on which plaintiff entered the intersection had concrete paving and curbs and the street on which defendant entered the intersection was a blacktop street with gutters and without curbs does not confer a preferred status on the paved street. Applying Becken to the instant case, we cannot conclude Soniat, on which plaintiff was driving, was a favored street.
Nor can we conclude plaintiff preempted the intersection. It is well settled that when two vehicles reach an intersection simultaneously, the automobile on the left must yield to the automobile traveling on the right. LSA-R.S. 32:121 (B). However, this right of way is forfeited when the vehicle on the left pre-empts the intersection. LSA-R.S. 32:121(A). Pre-emption of an intersection was discussed by us in the case of Sewerage & W. Bd. of New Orleans v. Phoenix Ins. Co., 230 So. 2d 293 (La.App. 4th Cir. 1970). We said in that case:
"* * * However, before a motorist can successfully rely on the doctrine of preemption he must show that he entered the intersection at a proper speed and sufficiently in advance of the vehicle on the intersection street to permit him to cross without requiring an emergency stop by the other vehicle. The doctrine further contemplates the opportunity, under normal and reasonable circumstances and conditions, of clearing the intersection without obstructing the path of said approaching vehicle. Entry into an intersection at the same time or just a fraction of a second ahead of the other vehicle does not create preemption. * * *"
In the instant case, neither plaintiff nor defendant saw each other until immediately before the impact and when it was too late to avoid the collision. Plaintiff testified his automobile was struck when he "got just past midway" of the intersection. According to plaintiff, the back end of the automobile was at the middle of the intersection. Defendant stated he struck the rear of plaintiff's automobile and photographs introduced into evidence show damage to the rear door and rear fender. It appears plaintiff entered the intersection only slightly ahead or almost simultaneously with defendant. Zito testified he was going approximately 20 or 25 m. p. h. and assumed he had the right of way on a favored street. Defendant, on the other hand, testified that when he approached the intersection he slowed down from a speed of approximately 15 m. p. h. Considering the relative speed of the vehicles and the braking or slowing action of the defendant, it would appear that these two vehicles entered the intersection at the same time. According to Sewerage & W. Bd. of New Orleans v. Phoenix Ins. Co., supra, in such circumstances pre-emption is not created. A double cottage on the southwest corner of Soniat and LaSalle Streets obstructed each driver's view of the other's automobile. Under the circumstances, we cannot conclude plaintiff had the right of way that is afforded to a driver who pre-empts an uncontrolled intersection. Accordingly, the judgment in favor of plaintiff is reversed. Judgment is now rendered dismissing plaintiff's suit at his cost.
Reversed and rendered.