393 So.2d 904 (1981)
Darlene SIMMONS
v.
Mrs. Louise BAUMGARTNER.
No. 11508.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1981.
Oestreicher, Whalen & Rothschild, David W. Oestreicher, II, New Orleans, for plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, Michael K. Fitzpatrick, and Glenn B. Adams, New Orleans, for defendant-appellee.
Before CHEHARDY, GARRISON and STOULIG, JJ.
STOULIG, Judge.
Plaintiff, Darlene Simmons, instituted this suit against defendant, Louise Baumgartner and State Farm Insurance Company for damages sustained in an intersectional collision. Defendant answered asserting that plaintiff was contributorily negligent and subsequently third partied the City of New Orleans alleging that it *905 was negligent for failing to have traffic control devices at the intersection where the accident occurred. The City was dismissed on an exception of no cause of action before trial occurred and is not involved in this appeal. The trial judge found that plaintiff was contributorily negligent barring her recovery; from this holding, plaintiff appeals.
This matter involves an automobile collision which occurred at the corner of Valence and South Robertson Streets in the City of New Orleans on November 3, 1977 at approximately 7:00 a. m. This was an uncontrolled intersection formed by Valence, running in a north-south direction toward the river and South Robertson running in an east-west direction toward downtown New Orleans. Valence, the wider of the two streets was marked with a dashed center line and could easily accommodate two directional traffic; however, there was nothing to establish it as a favored street at the time of the accident.
Plaintiff, defendant and defendant's daughter were the only witnesses to the accident. Of the three, only plaintiff and defendant testified at trial; the facts are relatively undisputed.
Plaintiff, Simmons, was traveling in an easterly direction on South Robertson. She testified that as she approached Valence Street at a speed of about 20-25 miles per hour, she slowed down to a rolling stop. She remembered looking to her left which offered an unobstructed view from about two car lengths from the beginning of the intersection, and seeing no vehicles, she proceeded a distance of about 19 feet 7 inches into the intersection at which time she was struck by Mrs. Baumgartner. During the first day of trial, plaintiff stated that as she looked to her left she could see a vehicle coming her way but far enough in the distance that she could safely make it across Valence. However, continuing her testimony during the second day of trial, she explained that upon revisiting the scene of the accident that morning she realized that the vehicle she saw to her left was actually a parked car, thus the first time she saw defendant's vehicle was after she had proceeded into the intersection, seconds before the collision.
Defendant, Baumgartner, testified that she was traveling at approximately 20 miles per hour in a southerly direction on Valence Street. When she approached South Robertson she was looking straight ahead and made no attempt to slow down as she assumed she was on a favored street. She stated that the first time she was aware of plaintiff's vehicle was when she saw a silver bumper out of the corner of her eye approaching from South Robertson Street and defendant's car was, at that moment, by the second double house from the intersection. She testified she saw the vehicle was not going to stop, at which point she slammed on her brakes and turned the steering wheel hard left, trying to avoid, but slamming into, the plaintiff.
We are thus presented with a case where two motorists have approached an uncontrolled intersection at approximately the same time and speed, and the one approaching from the right looks in both directions and slowing, proceeds to enter the intersection and is struck by a motorist from her left who did not slow down. We must determine whether the motorist approaching from the right is guilty of contributory negligence for failure to observe the motorist on her left, who was within her vision, or whether she is free from negligence under the statute which accords her the right of way.[1]
The testimony and evidence adduced at trial established that both plaintiff and defendant arrived at the Valence-South Robertson intersection at approximately the same instant. Both drivers were traveling within the speed limit, neither disobeying any traffic controls or regulations when the *906 collision occurred at this unmarked intersection. Plaintiff, therefore, would have us follow LSA-R.S. 32:121 affording her the right of way as her vehicle approached from defendant's right. However, in order to reverse the holding of the trial court and find in the plaintiff's favor we must determine that Ms. Simmons was not negligent and a contributing cause of the accident for failing to see defendant's vehicle approaching from the left.
One who is in charge of operating an automobile has a duty to look and observe, which never ceases; that which they can see, they must see and in legal contemplation they do see. Failure to see what they could have seen by the exercise of due diligence does not absolve from liability. McCandless v. Southern Bell Telephone & Tel. Co., 239 La. 983, 120 So.2d 501 (1960); Smith v. Borchers, 243 La. 746, 146 So.2d 793 (La.1962). Even when the motorist has the right of way, she is not relieved of the necessity of looking into the direction from which others may be expected to come, and where such care would have prevented the accident, she who fails to look or to keep a proper lookout cannot recover, even though the other party was grossly at fault. Martin v. Adams, 88 So.2d 476 (La.App. 2nd Cir. 1956); Smith v. Borchers, supra.
Plaintiff's testimony, though contradictory on the point of what she saw when she looked to her left, was that she had a clear unobstructed view looking in a northerly direction up Valence. Based on her testimony that she slowed down, coming to a "rolling stop", we must conclude that she had ample time to see and avoid defendant's car.
Plaintiff argues that in addition to being a favored vehicle approaching from defendant's right, she also entered the intersection prior to the defendant and thus preemption applies. The doctrine of preemption was explained by this Court in the case of Zito v. Kuhn, 309 So.2d 806 (La.App. 4th Cir. 1975). In order to rely on the doctrine of preemption a party must show that he entered the intersection at a proper speed and sufficiently in advance of the vehicle on the intersecting street to permit him to cross without requiring an emergency stop by the other vehicle. The doctrine contemplates the opportunity of clearing the intersection without obstructing the path of the other vehicle and entry into an intersection at the same time or just a fraction of a second ahead of the other vehicle does not create preemption. Zito v. Kuhn, supra, at p. 807.
Mary Jordan, plaintiff's friend who was summoned to the accident just after it occurred, testified that the left back side of Darlene's car was hit, which would support plaintiff's story that she was almost completely through the intersection when the collision occurred. However, photographs introduced into evidence by plaintiff show damage to the left side of plaintiff's car from the front bumper extending backwards almost to the rear wheel well, thus indicating that plaintiff did not have sufficient time to cross the intersection without requiring an emergency stop by defendant.
Further, we must bear in mind Mrs. Baumgartner's testimony that she slammed on her brakes. In Hatfield v. Bernos, 182 So.2d 702 (La.App. 4th Cir. 1966), this Circuit qualified the law on preemption when we stated that even though the defendant's vehicle had entered the intersection first, it was apparent that both vehicles would have entered the intersection at approximately the same time if the brakes of the plaintiff's car had not been applied, thus defendant could not claim preemption. This reasoning was also applied in Becken v. Stonewall Insurance Company, 275 So.2d 470 (La. App. 2nd Cir. 1973) and in Zito v. Kuhn, supra, where we said:
"Considering the relative speed of the vehicles and the braking and slowing action of the defendant, it would appear that these two vehicles entered the intersection at the same time." 309 So.2d 806 at 807.
The evidence produced below fails to show that plaintiff entered the intersection sufficiently in advance of defendant's car to permit her to cross without requiring an *907 emergency stop by Mrs. Baumgartner's vehicle, therefore, to apply the law of preemption would be improper here.
There is ample evidence in the record to support the finding of the trial judge that plaintiff was contributorily negligent in failing to see what she should have seen. Therefore, the trial judge was correct in finding that plaintiff's contributory negligence barred recovery on her claim.
For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] LSA-R.S. 32:121 provides: (a) when two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right. (b) the right of way rule declared in subsection (a) is modified at through highways and otherwise as hereinafter stated in this part.