GARRISON, Judge.
This is an appeal from a judgment of the district court granted in favor of a guest passenger and dismissing all other claims. From that judgment the guest passenger appeals, arguing that the damages awarded are inadequate. The driver of the vehicle in which the guest passenger was riding also appeals.
On March 9, 1977 Lonnie Landry, the driver of the vehicle, and his father-guest passenger, Henry Landry, Sr., were involved in an accident when a truck driven by Ernest Williams “ran” a stop sign. Ernest Williams was driving a truck owned by *1289 his employer, Asplundh Tree Services, and was acting within the course and scope of his employment. The stop sign at issue had been removed.
At trial all testimony agrees that Lonnie Landry’s vehicle was on the right of way street and was traveling at a low rate of speed, 15 to 20 miles per hour, when his car collided with the defendant’s truck which was traveling at the excessive rate of 30 to 35 miles per hour. Williams was traveling on the secondary street and should have stopped; however, the stop sign had been removed.
The trial court found that Landry was contributorily negligent. We agree. Although the Landry vehicle had the right of way, in light of the absence of the stop sign, the driver was nonetheless charged with the burden of exercising due vigilance and reasonable care. In Simmons v. Baumgartner, 393 So.2d 904 (La.App. 4th Cir.1981) this court stated:
“One who is in charge of operating an automobile has a duty to look and observe, which never ceases; that which they can see, they must see and in legal contemplation they do see. Failure to see what they could have seen by the exercise of due diligence does not absolve from liability. McCandless v. Southern Bell Telephone & Tel. Co., 239 La. 983, 120 So.2d 501 (1960); Smith v. Borchers, 243 La. 746, 146 So.2d 793 (La.1962). Even when the motorist has the right of way, she is not relieved of the necessity of looking into the direction from which others may be expected to come, and where such care would have prevented the accident, she who fails to look or to keep a proper lookout cannot recover, even though the other party was grossly at fault. Martin v. Adams, 88 So.2d 476 (La.App. 2nd Cir.1956); Smith v. Borchers, supra.” (at 906)
Accordingly, we cannot conclude that the trial court was manifestly erroneous in its factual determinations on this point nor did it commit an error of law.
Turning to the other parties, the City of New Orleans was sued by almost all parties. Under the law, as then effective, the City is liable if there is (1) actual notice of the defect and (2) a reasonable time in which to remedy the defect. The City’s only argument was that they logged the defect the day after the accident and replaced the stop sign the next day. Jack Anschuntz alleged in his testimony that he had notified the City that the stop sign was down three days before the accident. ■ We note, however, that great weight is given to the credibility assessments of the trial judge, who is in the better position to assess credibility because he is able to observe the demeanor of the witness. As the trial judge has apparently made a credibility determination against Anschultz’s testimony, this court is bound by the manifest error rule. We cannot conclude that manifest error occurred in this instance.
Turning to the last issue, Henry Landry argues that the lump sum amount of $10,-000.00 awarded to him is so low as to constitute a clear abuse of discretion.
Henry Landry’s special damages are as follows:
Dr. Schiro’s bill $ 531.88
Tulane Medical Center 40.00
Jo Ellen Smith Hospital 113.45
South. Jefferson Hospital 1,840.50
Drugs 173.83
Total Medicals $2,649.66[1] Lost Wages 2,600.00
TOTAL $5,249.66
Accordingly, the amount of $4,750.34 must have been for pain and suffering. Henry Landry was under a doctor’s care for 88 visits from March of 1977 through April 17,1978. He suffered scalp avulsion (a hole the size of a nickel in his scalp), cervical strain, numbness of the left hand and multiple contusions. He wore a cervical collar for three months, was prescribed physical therapy, muscle relaxants and analgesics. *1290 He suffered some straightening of the forward curvature of the spine and narrowing of the intervertebral foramin on the left side between 3 cervical discs and on the right side between 5 cervical discs as a result of the accident. At the time of trial he still suffered residual pain, but he refused to have a myelogram performed.
We find that the amount of $4,750.34 for a patient under treatment for one year and one month who still suffers pain and who wore a cervical collar for three months is so low as to constitute a clear abuse of discretion. Reck v. Stevens, 373 So.2d 498 (La.1979). In the absence of proof of a permanent disability, we find that the sum of fifteen thousand dollars is adequate compensation to this particular plaintiff under these particular circumstances.
For the reasons discussed the judgment of the district court is amended as follows and, as amended, is affirmed:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Henry Landry, Sr., and against the defendants, Ernest Williams, Asplundh Tree Service Company, Aetna Insurance Company, subject to policy limits, Asplundh Brush Control Company, Asplundh Tree Expert Company, Lonnie Landry and Automobile Club Insurance Company, subject to policy limits, in solido, in the full sum of $20,249.66, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs suit against the City of New Orleans herein, be and the same is hereby dismissed at his costs.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the subro-gation claim of Automobile Club Insurance Company be and the same is hereby dismissed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that case No. 12594, entitled Lonnie Landry v. Aetna Insurance Company, et al., 422 So.2d 1290 (La.App.) be and the same is hereby dismissed at plaintiffs costs.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the third-party demands of the City of New Orleans be and hereby are dismissed.
AMENDED AND AFFIRMED.

. Henry Landry also incurred the transportation expense for 88 visits to the doctor. However, no evidence of the cost per trip was produced and plaintiff shared the trips with Lonnie Landry for 84 of the 88 trips.