WARD, Judge.
This case arose from an intersectional collision that occurred on the afternoon of March 9,1977, at the intersection of Elmira and Eliza Streets in the Algiers section of the City of New Orleans. Two lawsuits were filed and consolidated for trial: Lonnie Landry, the driver of one of the vehicles, sued the driver of the other vehicle, Williams, Williams’ employer, Asplundh, Aetna, Asplundh’s insurer, The City of New *629 Orleans, and Lonnie Landry’s insurer, Automobile Club Insurance Company (ACIC) (for his medical expenses only). Henry Landry, Sr., the father of Lonnie Landry and guest passenger of Lonnie Landry at the time of the accident, filed suit against Esplundh, Williams, Aetna, The City of New Orleans, and ACIC. ACIC also brought a lawsuit as subrogee of Lonnie Landry for property damage to his car against Williams, Asplundh, and The City of New Orleans.
The collision occurred when Lonnie Landry was driving his automobile in a northerly direction on Elmira Street. His father, Henry Landry, Sr., was a guest passenger in Lonnie’s automobile. Ernest Williams was operating a stake body truck owned by his employer, Asplundh. Williams was travelling in an easterly direction on Eliza Street. Elmira was the favored street, having the right of way over side streets for a distance spanning several miles on either side of Eliza Street. Ordinarily, stop signs controlled vehicles crossing or entering El-mira from Eliza. On the date of the accident, however, the stop sign governing eastbound traffic on Eliza was missing. Williams was travelling approximately 35 m.p.h. and reached the intersection slightly before Landry, who was travelling approximately 20 m.p.h. Williams proceeded across Elmira without braking or slowing down. The right side of Williams’ truck was struck by Lonnie Landry’s left front fender. Lonnie Landry and Henry Landry, Sr. sustained injuries in the collision and filed suit to recover in two consolidated suits against Williams, Asplundh, Aetna, and the City of New Orleans. Additionally, Henry Landry, Sr. named Lonnie Landry as a defendant and alleged Lonnie Landry’s negligence as a cause of the accident.
The Trial Court found Williams to have been negligent and Lonnie Landry to have been contributorily negligent. All claims and third party claims were dismissed except that of Henry Landry, Sr., who was awarded a judgment for $10,000.00 against all defendants in solido. There were no written reasons for judgment.
. Henry Landry appealed, arguing that the award was inadequate. Lonnie Landry also appealed, arguing that he should not have been held liable as a defendant and should have recovered as a plaintiff; that he was not contributorily negligent. Asplundh, Williams and Aetna answered the appeal, submitting that they should not have been held liable to Henry Landry, and alternatively, they argue that they should have recovered a judgment of contribution on their third party claim against Lonnie Landry and his insurer, ACIC. ACIC also answered the plaintiff’s appeal, asserting that it should not have been held liable to Henry Landry, Sr.; that Lonnie Landry was not negligent.
This Court affirmed the Trial Court’s finding that Lonnie Landry was contributo-rily negligent and held that, “Although the Landry vehicle had the right of way, in light of the absence of the stop sign, the driver was nonetheless charged with the burden of exercising due vigilence and reasonable care.” 422 So.2d 1287, 1289. The panel upheld the Trial Court’s finding that the City of New Orleans was not negligent. The $10,000.00 award to Henry Landry was found to be so low as to constitute a clear abuse of discretion, and that award was increased to the sum of $20,249.06. Judgment was entered in favor of Henry Landry, Sr., against all defendants in solido, except for the City of New Orleans. The suit against the City of New Orleans by Henry Landry was dismissed, the subrogation claim of ACIC was dismissed, and the third party demands of the City of New Orleans were dismissed. Lonnie Landry’s suit (No. 12594) was also dismissed due to the Court’s finding that Landry was con-tributorily negligent. 422 So.2d 1287, 1291.
Henry and Lonnie Landry filed an application for writ of certiorari to the Louisiana Supreme Court. Lonnie Landry alleged error in the Fourth Circuit Court of Appeal’s determination that he was negligent, and Henry Landry sought a further increase in his damage award. The Supreme Court remanded Lonnie Landry’s case to the *630 Fourth Circuit in a mandate which reads in its entirety:
Granted in part, denied in part and remanded. Judgment of Court of Appeal is reversed insofar as it dismissed case no. 12594 entitled Lonnie Landry v. Aetna Insurance Company, et al, and the case is remanded to the Court of Appeal to reconsider before a different panel the right of Lonnie Landry (driver of the vehicle) to recover. Otherwise, the application is denied.” 429 So.2d 150.
In response to that mandate we now consider the alleged contributory negligence of Lonnie Landry. The driver of an automobile has the duty to “look and observe, which never ceases; that which they can see, they must see and in legal contemplation, they do see. Failure to see what they could have seen by the exercise of due diligence does not absolve them from liability.” Simmons v. Baumgartner, 393 So.2d 904 (La.App. 4th Cir.1981), citing McCandless v. Southern Bell Telephone and Telegraph Company, 239 La. 983, 120 So.2d 501 (1960) and Smith v. Borchers, 243 La. 746, 146 So.2d 793 (La.1962). A motorist who has the right of way is not relieved of the duty to look in the direction from which others may be expected to come. Simmons v. Baumgartner, supra, citing Martin v. Adams, 88 So.2d 476 (La.App. 2nd Cir.1956) and Smith v. Borchers, supra. When a driver who has the right of way has seen, or should have seen, that a vehicle approaching an intersection will continue its approach and fail to yield the right of way, the driver with the right of way must take every available and reasonable precaution to avoid a collision. Schmidt v. Schwall, 265 So.2d 357, 359 (La.App. 4th Cir.1972).
The record reveals that Elmira is a narrow two-way street, and at the time of the accident, cars were parked on both sides of the street. All of the side streets entering or crossing Elmira are controlled by stop signs for a distance spanning several miles on either side of the intersection of Elmira and Eliza. Several witnesses estimated Lonnie Landry’s vehicle to have been travelling at 15-20 m.p.h. Landry’s view of oncoming traffic from Eliza Street was hampered by the cars parked on the side of Elmira Street as well as a two-story commercial structure located on the comer of Eliza and Elmira. Landry was four to five yards from the intersection when the truck became visible. The truck was travelling 30-35 m.p.h. when it crossed the intersection. The truck driver admitted that he did not attempt to brake until he realized the-collision had occurred. Landry’s car was dragged to the right in the collision. His car left skid marks which swerved to the right and measured approximately five feet.
Lonnie Landry now argues that these facts prove that he took every available and reasonable precaution to avoid a collision. It is the defendants’ contention on remand, however, that the judgment in the case of Henry Landry, Sr. (no. 12593) is now final because writs were denied in that case and that the holding therein that Lonnie Landry was negligent is now the law of the case. The defendant acknowledges, however, that the Supreme Court has directed the Fourth Circuit to reconsider the negligence of Lonnie Landry. Defendants suggest that we resolve what they term as the “self-contradictory remand” from the Supreme Court by affirming the previous holding and law of the case that Lonnie Landry was negligent. Even though the facts may lead us to a different conclusion, defendant argues that such a result would be in violation of the concept of the law of the case. Lonnie Landry argues on remand that the issue of his negligence is reopened by the remand order, and he suggests to this court that “Henry Landry, Sr.’s judgment against Lonnie Landry ... [should] be dismissed.”
We find merit in defendant’s argument that the holding that Lonnie Landry is con-tributorily negligent is now the rule of the case because we note that Lonnie Landry is cast in judgment in solido along with the other defendants sued by Henry Landry, and we are procedurally powerless to “dismiss” this judgment. Code of Civil Procedure Article 2166 provides that “If an appli *631 cation for certiorari to the supreme court is timely filed, a judgment of the court of appeal becomes final and definitive when the supreme court denies the application for certiorari.” Under the foregoing article, when the Supreme Court denied a writ of certiorari in Henry Landry’s case (No. 12793), the Court of Appeal’s judgment in that case became final and executory. The holding that Lonnie Landry was contributo-rily negligent became the law of these consolidated cases. Although contradictory interpretations of the remand order were submitted to this court, Henry Landry’s judgment is final.
For the above reasons, we enter judgment consistent with the prior opinion of this court which found Lonnie Landry to be contributorily negligent. All costs of this appeal are to be borne by appellee.
AFFIRMED.
REDMANN, C.J., dissents with written reasons.