WARD, Judge.
As a consequence of two remands by our Supreme Court, this case is being considered for the third time in this Court. On two other occasions this Court considered the same question: was Lonnie Landry contributorily negligent and barred from recovery of damages for injuries? We previously described these facts:
This case arose from a collision that occurred on the afternoon of March 9, 1977, at the intersection of Elmira and Eliza Streets in the Algiers section of the City of New Orleans. Two lawsuits were filed and consolidated for trial: Lonnie Landry, the driver of one of the vehicles, sued the driver of the other vehicle, Ernest Williams; Williams’ employer, Asplundh; Aetna, As-plundh’s insurer; The City of New Orleans; and Lonnie Landry’s insurer, Automobile Club Insurance Company (ACIC). Henry Landry, Sr., the father of Lonnie Landry and guest passenger of Lonnie Landry at the time of the accident, filed suit against Asplundh, Williams, Aetna, The City of New Orleans, and ACIC. ACIC also brought a lawsuit as subrogee of Lonnie Landry for its payment to Lonnie for property damage to his car, claiming subrogation from Williams, Asplundh, and The City of New Orleans.
The collision occurred when Lonnie Landry was driving his automobile in a northerly direction on Elmira Street. Ernest Williams was driving a stake body truck owned by his employer, Asplundh, travel-ling in an easterly direction on Eliza Street. Elmira was the favored street, having the right of way over side streets for a distance spanning several blocks on either side of Eliza Street. Ordinarily, stop signs controlled vehicles crossing or entering El-mira from Eliza. On the date of the accident, however, the stop sign governing eastbound traffic on Eliza was missing. Williams was travelling approximately 35 m.p.h. and reached the intersection slightly before Landry, who was travelling approximately 20 m.p.h. Williams proceeded across Elmira without braking or slowing down. The right side of Williams’ truck was struck by Lonnie Landry’s left front fender. Lonnie Landry and Henry Landry, Sr. sustained injuries in the collision and filed suit to recover in the two consolidated suits. Additionally, Henry Landry, Sr. named Lonnie Landry as a defendant and alleged Lonnie Landry’s negligence as a cause of the accident.
The Trial Court found Williams to have been negligent and Lonnie Landry to have been contributorily negligent, and judgment was rendered against Lonnie; Henry Landry, Sr. was awarded a judgment for $10,000.00 against all defendants except the City of New Orleans. Judgment also was rendered against all other third party claimants.
Henry Landry appealed, arguing that the award was inadequate. Lonnie Landry also appealed, arguing that he should not have been held liable as a defendant and should have recovered as a plaintiff; that he was not contributorily negligent. As- *1094 plundh, Williams and Aetna answered the appeal, submitting that they should not have been held liable to Henry Landry, and alternatively, they argued that they should have recovered a judgment of contribution on their third party claim against Lonnie Landry and his insurer, ACIC. ACIC also answered the plaintiffs appeal, asserting that it should not have been held liable to Henry Landry, Sr.; that Lonnie Landry was not negligent.
Another panel of this Court affirmed the Trial Court's finding that Lonnie Landry was contributorily negligent and held that, “Although the Landry vehicle had the right of way, in light of the absence of the stop sign, the driver was nonetheless charged with the burden of exercising due vigilence and reasonable care.” 422 So.2d 1287, 1289. The panel upheld the Trial Court’s finding that the City of New Orleans was not negligent. The $10,000.00 award to Henry Landry was found to be so low as to constitute a clear abuse of discretion, and that award was increased to the sum of $20,249.66. This court affirmed the Trial Court’s judgment in favor of Henry Landry, Sr., and against all defendants in soli-do, except for the City of New Orleans, and affirmed the judgment against Lonnie Landry in suit no. 12594, finding that he was contributorily negligent. 422 So.2d 1290.
Henry and Lonnie Landry filed an application for writ of certiorari to the Louisiana Supreme Court. Lonnie Landry alleged error in the Fourth Circuit Court of Appeal’s determination that he was negligent, and Henry Landry sought a further increase in his damage award. The Supreme Court remanded Lonnie Landry’s case to the Fourth Circuit in a mandate which reads in its entirety:
Granted in part, denied in part and remanded. Judgment of Court of Appeal is reversed insofar as it dismissed case no. 12594 entitled Lonnie Landry v. Aet-na Insurance Company, et al, and the case is remanded to the Court of Appeal to reconsider before a different panel the right of Lonnie Landry (driver of the vehicle) to recover. Otherwise, the application is denied. 429 So.2d 150 (La.1983).
In response to that order we considered whether Lonnie Landry could recover for his injuries. A majority of this panel, with Chief Judge Redmann dissenting, concluded the law of the case settled the issue. Without considering anew Lonnie’s alleged contributory negligence, we concluded:
We find merit in defendant’s argument that the holding that Lonnie Landry is contributorily negligent is now the rule of the case because we note that Lonnie Landry is cast in judgment in solido along with the other defendants sued by Henry Landry, and we are procedurally powerless to “dismiss” this judgment. Code of Civil Procedure Article 2166 provides that “If an application for certiora-ri to the supreme court is timely filed, a judgment of the court of appeal becomes final and definitive when the supreme court denies the application for certiora-ri.” Under the foregoing article, when the supreme court denied a writ of certio-rari in Henry Landry’s case (No. 12793), the Court of Appeal’s judgment in that case became final and executory. The holding that Lonnie Landry was contrib-utorily negligent became the law of these consolidated cases. Although contradictory interpretations of the remand order were submitted to this court, Henry Landry’s judgment is final.
For the above reasons, we enter judgment consistent with the prior opinion of this court which found Lonnie Landry to be contributorily negligent. 438 So.2d 628, 630-31.
After Lonnie Landry applied for writs to review that judgment, the Supreme Court granted the writ, and again remanded Lonnie’s case, with a new mandate, which reads in its entirety:
December 16, 1983
Granted. Reversed and remanded to the court of appeal to reconsider. The “law of the case” doctrine is a “discretionary guide” and has no application when an appellate court reviews a ruling of the district court or when there is palpable *1095 error in a prior ruling. See CCP 2164, comment (a), and Petition of Sewerage & Water Board of New Orleans, La. 278 So.2d 81.
JAD
PPC
JLD
FAB
MARCUS & WATSON, J.J., would deny and dissent from the order. .
LEMMON, J. concurs with reasons. Our inadvertant denial of certiorari on the issue of Lonnie Landry’s negligence in the consolidated ease causes complications in the present case. However, the fact that the judgment in the consolidated case is now definitive does not preclude an independent determination of Lonnie Landry’s demands in this case. 442 So.2d 440 (La.1983).
In response to that mandate we now consider the alleged contributory negligence of Lonnie Landry.
The record reveals that Elmira is a narrow two-way street, and at the time of the accident, cars were parked on both sides of the street. The side streets entering or crossing Elmira are controlled by stop signs. Several witnesses estimated Lonnie Landry’s vehicle to have been travelling at 15-20 m.p.h. Landry’s view of oncoming traffic from Eliza Street was hampered by the cars parked on the side of Elmira Street as well as by a two-story commercial structure located on the corner of Eliza and Elmira. Landry was four to five yards from the intersection when the truck became visible. The truck was travelling 30-35 m.p.h. when it crossed the intersection. The truck driver admitted that he did not attempt to brake until he realized the collision had occurred. Landry’s car was dragged to the right in the collision. His car left skid marks which swerved to the right and measured approximately five feet.
Lonnie Landry argues that these facts prove that he took every available and reasonable precaution to avoid a collision. We agree.. The evidence shows that Lonnie Landry took the only available course of action to avoid the accident. He was travelling at a reasonable rate of speed and could not swerve drastically because of the ears parked on both sides of the narrow street. Upon observing the truck, he reacted quickly and allowed his vehicle to travel only six feet farther before he went into a skid, leaving five feet of skid marks before the point of impact. Because we find that the evidence reveals no other reasonable alternative for Lonnie Landry to have taken, we find that Lonnie Landry was not contributorily negligent.
Unfortunately, the judgment in the case of Henry Landry, Sr. v. Aetna, 438 So.2d 628 is definitive and we are not free to amend it. As a consequence, the result we reach today leaves the cases internally inconsistent.
The judgment of the Trial Court finding Lonnie Landry contributorily negligent is reversed.
Accordingly, we have reviewed the record to determine Lonnie Landry’s damages without requiring a remand to the Trial Court. Some of his special damages were stipulated at trial:
Jo Ellen Smith Hospital $ 27.00
South Jefferson Hospital (physical therapy) $1,668.50
Dr. Raul G. Reyes $ 121.00
Dr. John E. Schiro $ 178.88
Drugs $ 12.68
Transportation for Medical Treatment $ 151.20
Damage to automobile not paid under insurance policy $ 100.00
Although there was no stipulation as to Lonnie’s loss of wages, we believe he proved he lost about $2,500.00 in earnings. We therefore find special damages of $4,759.26 to have been proved.
Lonnie Landry suffered muscle strain and spasms and underwent physical therapy and other treatment. Considering the nature and extent of the injuries, we award $5,000.00 for pain and suffering.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Lonnie Landry and against Aetna Casualty and Surety Company, Ernest Williams, *1096 and Asplundh Tree Service, in solido, in the full sum of $9,759.26, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.

REVERSED AND RENDERED.