GARRISON, Judge.
This is an appeal from a judgment of the district court dated May 16, 1985, rendered in favor of Carol A. Jobtanski and against Christine C. Perry, condemning her to pay damages in the amount of $11,726.00 plus interest and costs as a result of a bicycle-vehicle collision occurring on September 28, 1983 at the intersection of South Carrollton and St. Charles Avenues.
The trial court further provided the following written reasons for judgment:
“This is a suit to recover damages for personal injuries sustained by plaintiff, Carol A. Jobtanski, while riding her bicycle on September 28, 1983. She was struck by a vehicle driven by defendant by Christine C. Perry insured by defendant, Fireman’s Insurance Company of Newark, New Jersey while making a left turn on her bicycle from Carrollton Avenue onto St. Charles Avenue.
The first issue is whether defendant Perry was negligent. The driver of an automobile has the duty to look and observe which never ceases; that which *137 they see they can see, they must see and legally they do see. Failure to see what they could have seen by the exercise of due diligence does not absolve them of liability. Landry Vs. Aetna Ins. Co., 438 So.2d 629 [628], 630 (La.App. 4th Cir.1983).
The first duty of a motorist is to keep a sharp lookout to discover the presence of those who might be endangered by the vehicles advance. The failure to heed this duty is negligence and such failure imposes liability upon persons in control of dangerous instrumentalities for injuries which they inflict upon less armored members of our society who happen upon the roadways. Price Vs. Watts, 215 So.2d 187 (La.App. 3rd Cir.1968).
The evidence shows that plaintiff was riding her bicycle in a cautious and prudent manner on the right side of Carroll-ton Avenue. After looking over her shoulder to ascertain that she had a reasonable distance within which to execute a left turn and giving the appropriate hand signal she began her turn. Midway through her turn defendant Perry struck plaintiff.
The preponderance of the evidence shows that defendant Perry was inattentive and failed to observe what she should have seen. This negligence was the sole cause of the accident. See Tate Vs. Norfolk and Dedham Mutual Fire Ins. Co., 153 So.2d 495 (La.App. 1st Cir. 1963).”
From that judgment, defendants Christine C. Perry and Fireman’s Insurance Co. of Newark, New Jersey appeal
On appeal, defendants raise the following specifications of error:
1. The trial court erred in finding the defendant Christine C. Perry negligent;
2. Alternatively, the trial court erred in failing to apply comparative negligence;
3. The amount awarded was excessive;
4. The trial court erred in denying defendant’s motion for a directed verdict.
On September 28, 1983, plaintiff was riding her 10 speed Kabouti bicycle to work and class at Tulane University. She began her ride on Maple Street in between Car-rollton Avenue and the Jefferson Parish line. At the intersection of Maple and South Carrollton she made a right onto South Carrollton Avenue, traveling in a southerly direction towards the intersection of Carrollton and St. Charles Avenues, commonly called the “Riverbend” area. At the intersection of Carrollton and St. Charles, she attempted to make a left turn onto St. Charles, when the accident occurred.
Carrollton at this point consists of one moving traffic lane and one parking lane. Plaintiff testified that she was riding her bicycle in between the moving vehicles on her left and the cars parked on her right. She testified that she passed eight cars stopped in the moving lane as she immediately approached the intersection. As she coasted through the intersection and the stopped vehicles, she looked behind her three times. On the first two times, she did not see any vehicles. On the third time she saw the fender of a car behind her, but thought she had enough time and/or distance to successfully complete the left turn. The crux of the case is plaintiff’s fault in crossing or cutting in front of defendant’s vehicle in order to make a left turn. Although the majority of cars traveling in that intersection may turn left onto St. Charles Avenue, the defendant did not intend to and clearly had the legal right to proceed straight to River Road.
Defendant Christine C. Perry was driving to work at Children’s Hospital. Her daily route to work took her down South Carrollton Avenue past and through the St. Charles Avenue intersection to River Road where she made a left turn. Perry testified that she did not see the plaintiff in her rear view mirror. This is consistent with plaintiff’s testimony that she was not traveling behind vehicles in the moving traffic lane, but was rather passing on the vehicles’ right side.
Christine Perry testified that she first saw plaintiff out of the corner of her eye *138 through the glass in the passenger side of her car. As plaintiff began her left turn, Perry, realizing what was happening, began evasive maneuvers by braking and turning her vehicle to the left in order to avoid hitting the plaintiff. Despite Perry’s maneuver, the accident occurred.
Either the trial court judge failed to apply comparative negligence at all or he concluded that plaintiff was 0% at fault and defendant was 100% at fault and failed to write those percentages in his judgment.
Plaintiff’s actions are clearly at fault. Thus the trial court judge either committed an error of law in failing to apply comparative negligence or is manifestly erroneous in the percentages of fault (0% plaintiff and 100% defendant) he assigned but did not write into the judgment. We find that plaintiff was 70% at fault and defendant was 30% at fault.
Having thus concluded, we now turn to the issue of quantum. Based upon our independent evaluation of the evidence and testimony presented, we cannot conclude that the amount awarded is clearly erroneous. Having thus concluded and in light of the percentage of fault previously discussed, the amount awarded ($11,726.00) should be reduced by the amount of plaintiff’s negligence (70%) thus reducing the amount to $3,517.80.
For the reasons discussed, the judgment of the district court is amended as follows and, as amended, is affirmed:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Carol A. Jobtanski and against Christine C. Perry and Fireman’s Insurance Company of Newark, New Jersey in the full sum of THREE THOUSAND FIVE HUNDRED SEVENTEEN AND EIGHTY/ONE HUNDREDTHS ($3,517.80) DOLLARS, together with judicial interest from the date of demand until paid and all costs of these proceedings.
AMENDED AND AFFIRMED.