SAMUEL, Judge.
This suit results from a collision between two automobiles. Plaintiffs, Mr. and Mrs. Schmidt, seek property damages and medical expenses incurred by them and Mr. Schmidt additionally seeks a recovery for personal injuries sustained by their minor daughter, Yvonne Schmidt, the driver of the plaintiff vehicle. At the time of trial Yvonne had been emancipated by marriage and she was substituted as a party plaintiff on her own behalf. The two defendants, the driver of the other vehicle and his liability insurer, answered denying negligence on his part and alternatively pleading contributory negligence on the part of the plaintiff driver.
After trial there was judgment in favor of the plaintiffs and against the defendants, in solido. The defendants have appealed. In this court their sole contention is that the plaintiff driver was guilty of contributory negligence which bars any recovery by the plaintiffs.
The vehicles collided approximately in the center of the then uncontrolled intersection of Tournefort and Girod Streets in the Parish of St. Bernard at approximately 8:30 a. m. during a hard rain. The damage to the plaintiff car was to the left front and side, while the defendant automobile was damaged in the area of the right front fender just above the wheel. Mrs. Schifferstein (then Miss Yvonne Schmidt), who was alone in her car, had left her home approximately one and a half blocks from the intersection and was driving on Tournefort in a southerly.direction. Mr. Schwall, driver of the defendant car, had left his home approximately two blocks from the intersection and was driving on Girod in a westerly direction. It is conceded that the plaintiff driver enjoyed the directional right of way.[1]
Mr. Schwall testified he was traveling at a speed of only 15 miles per hour, slowed for the intersection, looked to his right and left, and did not see the plaintiff vehicle until just before the collision when he was slightly more than halfway across. Mrs. Schifferstein also stated she was proceeding at 15 miles per hour, slowed for the intersection, and looked to her right and left; she saw the defendant car for the first time as she entered the intersection; it was coming from her left at a high rate of speed; she blew her horn and applied her brakes, but was unable to avoid the collision. It is apparent both drivers had some difficulty in seeing the other vehicle because of the heavy rain and because, to some comparatively small extent, the view of each was obstructed by a house on the northeastern corner of the intersection just 10 or 12 feet from the Girod Street curb.
Mrs. Schwab was a passenger in her husband’s car but because she had been engaged in adjusting her seat belt and was preparing to read a morning paper, she was able to testify only that her husband was driving at a slow rate of speed because she always insisted on such a procedure when she was a passenger in his car.
*359 ' Other than the respective drivers, there were only two eye witnesses who testified to facts regarding the manner in which the accident occurred. These were two girls [2] who, together with a third, were waiting for a school bus. They were standing on the porch of a Girod Street home one block from Tournefort when the defendant car passed them. Both were of the opinion the defendant vehicle was traveling too fast.under the circumstances. At the time it passed each remarked to her two companions it was traveling at an excessive speed and one said she thought it was going to get into an accident.
Appellants argue, and we agree, that a greater degree of care is required of the operator of a motor vehicle enjoying only a directional right of way than is required of a driver approaching an intersection on a favorable traffic signal light or on a right of way street when the other intersecting street is controlled by a stop sign; such a motorist must exercise reasonable care and caution and after he has seen, or after he should have seen, that the approaching vehicle will continue its approach and ignore the right of way, he is guilty of contributory negligence if he fails to take every available and reasonable precaution to avoid a collision.[3]
However, there is no evidence in the record establishing, or even suggesting, that the plaintiff driver here should or could have seen the approaching defendant vehicle in time to avoid the collision or in time to realize it was going to ignore her directional right of way. After properly slowing for the intersection, she appears to have had time only to take the actions which she did take, blow the horn and apply the brakes. Even though the right to such an assumption is less than it would be in cases where traffic lights or signs are involved, the plaintiff driver had the right to assume Mr. Schwall would not ignore her directional right of way.[4] We agree with the trial court’s conclusion that she was free of negligence and that the collision occurred solely as a result of the defendant driver’s excessive speed under the circumstances and his failure to accord the plaintiff driver her directional right of way.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. LSA-R.S. 32:121(B) reads: “When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”

. On cross examination Mrs. Sehiffer-stein testified these girls had been freshmen in the school in which she was a senior and she knew them only from occasionally seeing them at school.

. Defendants cite Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535; Meynier & Dillman Hardware Co. v. Aronson, La.App., 229 So.2d 365; Roussell v. Strug, La.App., 225 So.2d 34; and West v. Travelers Indemnity Co., La.App., 225 So.2d 139.

. See Randall v. Baton Rouge Bus Company, supra.