488 So.2d 1104 (1986)
Sherlee Bacon DESPOT and Gregory A. Despot, Plaintiffs-Appellees,
v.
Clifford O. STROMATT and Mid-American Casualty Company, Defendants-Appellants.
No. 17753-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1986.
*1105 Cryer & Harp by Tommy K. Cryer, Shreveport, for plaintiffs-appellees.
Rogers & White by David L. White, Bossier City, for defendant-appellant Mid-American Cas. Co.
Before JASPER E. JONES, FRED W. JONES, JR., and LINDSAY, JJ.
JASPER E. JONES, Judge.
This is a suit for personal injuries and property damage arising from an automobile accident. The plaintiffs-appellees are Sherlee Bacon Despot and her husband, Gregory A. Despot, in his capacity as administrator of the estate of his minor daughter, Georgeana Despot. The defendant-appellant is the Mid-American Casualty Company, the liability insurer of Clifford O. Stromatt.

FACTS
On the afternoon of December 18, 1979, Mrs. Despot was driving in an easterly direction through a shopping center parking lot when the front of her automobile struck the right rear of a vehicle traveling in a southerly direction and which was owned and operated by the appellant's insured, Clifford O. Stromatt. Mrs. Despot's vehicle was occupied on the right front seat by her minor daughter, Georgeana. Neither Mrs. Despot nor Georgeana required medical treatment. The Despot vehicle was damaged.
The plaintiffs filed suit seeking compensation for property damage to the automobile and damages for pain and suffering on behalf of Mrs. Despot and Georgeana.
The trial court found Mr. Stromatt negligent and Mrs. Despot free from fault. The trial court awarded the plaintiffs the stipulated property damage of $3,545.38 plus $250.00 for Mrs. Despot's personal injuries and $250.00 for Georgeana's personal injuries. The court noted the sums for personal injuries were adequate considering no medical attention was sought and no time was missed from work or school.
The appellant's assignment of errors present the following issues for decision:
(1) Was the trial court clearly wrong in finding Mrs. Despot was free from fault *1106 and in not ruling that her contributory negligence operates as a bar to recovery?[1]
(2) Did the trial court err in awarding Mrs. Despot $250.00 in damages?
(3) Was the trial court in error in awarding $250.00 damages to Gregory A. Despot in his capacity as administrator of the estate of his minor daughter?
We amend and affirm.
ISSUE NO. 1Did the trial court err in finding Mrs. Despot free from fault?

LAW ON AUTOMOBILE ACCIDENTS IN PRIVATE PARKING LOTS
The Highway Regulatory Act[2] is not controlling where an automobile accident occurs in a private parking lot, but it may be of persuasive value in determining the degree of care required of a motorist under the general tort law. Gatheright v. State Farm Mut. Auto. Ins. Co., 352 So.2d 428 (La.App. 3d Cir.1977). In order to bar a plaintiff's recovery because of his contributory negligence, a court must find he was negligent and his negligence was a legal cause of his damage. In making such a determination the threshold inquiry is whether the plaintiff's conduct was a substantial factor in causing the damage. Breithaupt v. Sellers, 390 So.2d 870 (La. 1980).
The defendant argues Mrs. Despot's visual fixation on the traffic signal she was approaching, and her general lack of due care, constitutes contributory negligence which precludes her recovery for damages. We disagree.
The record establishes Mrs. Despot and her minor daughter were proceeding in an easterly direction at a speed of 15 m.p.h. toward an exit from the shopping center when the accident occurred. The accident happened about fifty yards from the exit. Mrs. Despot testified she was on the right hand side of a travel lane marked on her left by a yellow line which ran parallel to her direction of travel. She was looking at a traffic light on Market Street at the shopping center exit. She testified the area to the north of the east-west traffic lane consisted of numerous designated parking spaces and there were only a few scattered parked cars located to her north at the time of the accident. Mrs. Despot's daughter testified she had shifted the car into first gear for her mother but that the act had taken place earlier and had nothing to do with the accident. Mr. Stromatt testified he was traveling south about 15 m.p.h. across the parking lot and that he crossed the north line of the east-west traffic lane immediately prior to the collision with Mrs. Despot's automobile. His testimony corroborates that of Mrs. Despot's in regard to the lack of parked cars in the area of the accident and as to the presence of a "main lane" marked by a "line" which was the designated travel lane being used by the Despot vehicle.
The evidence shows the accident occurred at an area in the parking lot where traffic was uncontrolled and where the only designated lane of travel was the one being used by Mrs. Despot at the time of the collision. These facts, in addition to the lack of congestion of parked cars in the area, distinguish this situation from that in Chaney v. Brumfield, 333 So.2d 256 (La. App. 1st Cir.1976) and Gatheright v. State Farm Mut. Auto. Ins. Co., supra. The accident in this case happened when Mr. Stromatt proceeded through an area marked for parking into a through travel lane then being used by Mrs. Despot. He was not in a marked travel lane. The accident did not happen at an intersection of lanes designated for travel. In the above referenced cases the accidents happened at intersections of uncontrolled traffic lanes in private parking lots and the court applied principles of general tort law *1107 rather than the principles of the Highway Regulatory Act. Here the accident happened when Mr. Stromatt proceeded in a southerly direction across uncontrolled areas of designated parking spaces into the path of travel of Mrs. Despot who was proceeding in an obvious travel lane. This case lends itself to the application of the right of way rules of the Highway Regulatory Act.[3]
The record reveals that the police officer who investigated the collision testified the cause of the accident was Mr. Stromatt's failure to yield the right of way to Mrs. Despot's vehicle. The defendant asserts Mrs. Despot was talking to her daughter immediately before the impact and was not taking due care. The fact Mrs. Despot was talking to her daughter before the accident does not in any way imply that any negligence on her part contributed to the accident. Mrs. Despot testified she was maintaining a lookout directly down the road in front of her toward the Market Street intersection which she was approaching and did not observe Mr. Stromatt's approach from her left. Her failure to see him approach over the designated parking spaces cannot be considered negligent on her part because even if she had seen him she would have been entitled to expect him to either stop in a parking spot which he selected or at the very least to honor her right of way on the only designated traffic lane in the area. She was not required to maintain a lookout to her left where there existed only parking spaces and no designated lanes of travel. Cf., Schmidt v. Schwall, 265 So.2d 357 (La. App. 4th Cir.1972).
It is also evident that if Mrs. Despot had immediately reacted when Mr. Stromatt's vehicle entered the travel lane, the accident would still have been unavoidable. Plaintiffs' speed of 15 m.p.h. equates to approximately 22 feet per second. Mr. Stromatt testified he was only 20 feet away from Mrs. Despot when he entered the "main lane," saw her vehicle, and accelerated in order to attempt to avoid the collision. Mrs. Despot testified she did not notice Mr. Stromatt's vehicle until it "crossed her hood." Even if she had reacted to Mr. Stromatt's vehicle simultaneously with observing it such a short distance away, a resulting impact, in all liklihood, would have occurred approximately one second later. Under these circumstances we determine that Mrs. Despot was not contributorily negligent as she had the right to assume Mr. Stromatt's vehicle would not suddenly cross her path of travel. Cf. Triche v. Commercial Union Insurance Company, 329 So.2d 784 (La.App. 1st Cir. 1976); Breithaupt v. Sellers, supra.
ISSUES NO. 2 & 3Award of general damages

LAW ON GENERAL DAMAGE AWARDS
A trial court has much discretion in determining the amount of general damages in tort actions. Perkins v. Certa, 469 So.2d 359 (La.App. 2d Cir.1985). Damages for loss of use of a vehicle are recoverable for the period of time required to repair the vehicle. Alexander v. Qwik Change Car Center, Inc., 352 So.2d 188 (La.1977). The plaintiff must establish that he exercised due diligence to have the vehicle repaired to support an award for loss of use because compensable loss of use is only the time required by the exercise of due diligence to secure the repair of the vehicle.
The trial court made an award to Mrs. Despot in the amount of $250.00 for "personal injuries." She did not allege loss of use of her vehicle while it was being repaired as an item of damages in her petition nor did she appeal and assign as error the failure to receive an award for the loss of use. In her brief on appeal she virtually concedes the record will not support the personal injury award and then *1108 argues she is entitled to this award for the loss of use of the vehicle while it was being repaired. We reject the contention because she did not establish she exercised due diligence to secure the repair of the vehicle. The record does not establish how much loss of use she would have sustained if she had exercised due diligence to secure the repair of the vehicle. The award must be set aside. Mrs. Despot testified she suffered no injuries or inconveniences resulting from the accident other than a three month delay in repairing her automobile. She offered no evidence from which it could be determined that she exercised due diligence in obtaining the repair of the vehicle.
Mrs. Despot's minor daughter testified that she hit her head on the vehicle's windshield hard enough to crack the glass and dislodge her hearing aid. A damaged windshield was included as part of the necessary repairs on plaintiffs' exhibit 7. She testified the impact "scared me" and put her in a state of shock. We conclude that an award of $250.00 for the daughter's general damages was not an abuse of the trial court's discretion. Cf., Bloodworth v. Carroll, 455 So.2d 1197 (La.App. 2d Cir. 1984), rev. on other grds., 463 So.2d 1313 (La.1985). The defendant also argues that Gregory A. Despot should not be permitted to recover on behalf of his minor daughter as he never established he has the procedural capacity to sue on her behalf. As the record shows that no dilatory exception was made prior to the defendant's answer, the objection is waived and resolution of this issue is unnecessary. Pearson v. Aetna Cas. And Sur. Co., 460 So.2d 11 (La. App. 1st Cir.1984); LSA-C.C.P. arts. 926, 928.

CONCLUSION
The award of $250.00 in favor of Mrs. Despot for personal injuries is reversed and set aside and in order to reflect this reduction in the judgment in favor of Mrs. Despot, the second paragraph of the judgment is recast to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be and there is hereby judgment rendered herein in favor of plaintiff, SHERLEE BACON DESPOT and against defendant, MID-AMERICAN CASUALTY COMPANY, in the full sum of THREE THOUSAND FIVE HUNDRED FORTY-FIVE AND 38/100 ($3,545.38) DOLLARS, together with legal interest thereon from date of judicial demand until paid.
As amended the judgment is affirmed at appellant's cost.
NOTES
[1] At the time of the accident a plaintiff's contributory negligence defeated such a tort recovery. LSA-C.C. art. 2323, establishing comparative negligence, did not become effective until August 1, 1980.
[2] See LSA-R.S. 32:1 et seq.
[3] See note 2. Mr. Stromatt argues that the lane demarcation line was barely visible. His testimony as to observing the line as he traveled across it into the "main lane," and the photograph of the scene admitted as plaintiffs' exhibit 4, confirms our conclusion that the boundary of the designated travel lane was readily apparent.