631 So.2d 55 (1994)
Ben LEVY, Jr., Appellant,
v.
A.L. CUMMINGS, d/b/a Cummings Moving & Storage and Western World Insurance, Appellee.
No. 25475-CA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
Rehearing Denied February 17, 1994.
Leroy Scott, Jr., Shreveport, for appellant.
Mayer, Smith & Roberts by Mark Goodwin, Shreveport, for appellee.
Before HIGHTOWER, STEWART and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff, Ben Levy, Jr., appeals a judgment rendered in favor of the defendants, *56 A.L. Cummings and its insurer, Western World Insurance, holding that the defendant insurer was not liable for penalties under LSA-R.S. 22:1220. We affirm.

FACTS
On June 18, 1990, plaintiff's parked vehicle was damaged when it was hit by a Cummings Moving and Storage vehicle owned by the defendant, A.L. Cummings. The estimated cost to repair the damage to the vehicle was $344.11. The defendant advised the plaintiff that he would pay for the automobile to be repaired. As late as October 17, 1990, despite several oral demands to the defendant, the plaintiff's vehicle had not been repaired. Cummings later advised the plaintiff that his driver had quit working for him and the automobile repair issue had been turned over to his insurance company. The defendant insurer was notified of the claim on or about November 18, 1990. A general release which contained an acknowledgment of the receipt of funds was mailed to plaintiff on December 3, 1990. Plaintiff executed the release before a notary. However, since the funds were not attached to the release, plaintiff refused to return the documents. Plaintiff testified that he notified Cummings' insurance agent, Catherine Thornton, that no money had been received and that he would not return the release and receipt until he received payment. Thornton testified she did not contact the insurer, but referred the plaintiff to Interstate Insurance Underwriters, Inc., the broker and general agent for Western World Insurance. Plaintiff never contacted Interstate Insurance Underwriters. He filed suit on March 11, 1991 for the cost of the repairs to his automobile and penalties against the defendant insurer. Although a conditional payment of the amount in dispute was made on May 20, 1991, plaintiff pursued his claim for penalties against the insurer under LSA-R.S. 22:1220.
The trial court found the defendant had made a reasonable effort to settle the matter after it received notice of the claim on November 18, 1990. The trial court also found that the failure to pay the claim between December 3, 1990 and March 19, 1991 was not unreasonable because the only evidence presented to show that plaintiff notified the insurer he expected his check before the release would be returned was plaintiff's testimony that he made a telephone call to Catherine Thornton on December 7, 1990. The trial court further found that the insurance company became aware that suit was filed on March 22, 1991 and a conditional payment of the amount in dispute was made on May 20, 1991. The trial court concluded the defendant did not arbitrarily, capriciously, or without probable cause fail to pay the amount of the claim due after receipt of satisfactory proof of loss.
On February 23, 1993, the trial court entered an order dismissing the plaintiff's claim at his costs. Plaintiff appeals.

DISCUSSION
Plaintiff contends the trial court erred in failing to find that he was entitled to the penalties provided in LSA-R.S. 22:1220. He argues that since the claim was paid more than thirty days after suit was filed, the insurer violated LSA-R.S. 22:1220(B)(2). Plaintiff also contends Western World Insurance failed to pay the claim for damages to his vehicle within sixty days of its acknowledgment that it was owed, and thereby, violated LSA-R.S. 22:1220(B)(5).
LSA-R.S. 22:1220 provides, in pertinent part:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
. . . .
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
. . . .

*57 (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.
Plaintiff relies on the letter from Western World Insurance dated December 3, 1990 in support of his position that the insurer had failed to pay the settlement within thirty days after the agreement had been reduced to writing within the meaning of Section 1220(B)(2). This argument lacks merit. The letter provided for issuance of the check when the release had been signed, notarized, and returned. Plaintiff did not consent to sign and return the release before receiving the settlement check. In fact, although he did not communicate with the insurer, he adamantly refused to return the document. Therefore, no agreement was ever reached. An "agreement" contemplates a meeting of the minds. If there was no "meeting of the minds" on the issue of how the release and check were to be exchanged, then there was no "agreement reduced to writing" within the meaning of the statute. Accordingly, the plaintiff cannot recover under Section 1220(B)(2).
We also find Section 1220(B)(5) inapplicable. This statute applies only to claims due to an insured. Dier v. Hamilton, 600 So.2d 117 (La.App. 2d Cir.1992); D'Abreu v. Diesel Power International, Inc., 625 So.2d 540 (La.App. 5th Cir.1993). Here, A.L. Cummings d/b/a Cummings Moving & Storage is the "insured" under the contract. Plaintiff does not qualify as an insured, he is a third party claimant. Thus, Section 1220(B)(5) does not apply to his claim.
We also note that Section 1220(B)(5) provides that the failure to pay within sixty days must be arbitrary, capricious, or without probable cause. The trial court found that Western World's actions were "reasonable" and such a factual finding should not be disturbed on appeal unless it is manifestly erroneous. Arceneaux v. Dominique, 365 So.2d 1330 (La.1978); Rosell v. ESCO, 549 So.2d 840 (La.1989). Therefore, even if Section 1220(B)(5) were applicable, there is no showing that the conduct of Western World Insurance was arbitrary, capricious or without probable cause as required by the statute.
Although we can understand plaintiff's refusal to return the release without his receipt of the check, he failed to communicate his disapproval to the insurance company. The facts and circumstances show that the entire dispute arose out of a bona fide misunderstanding as to the manner in which the release and check would be exchanged. Consequently, plaintiff is not entitled to an award of penalties pursuant to LSA-R.S. 22:1220.

CONCLUSION
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant, Ben Levy, Jr.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, HIGHTOWER, BROWN, STEWART and WILLIAMS, JJ.
Rehearing denied.