699 So.2d 1192 (1997)
Ascension D. SMITH, Plaintiff-Appellee,
v.
MIDLAND RISK INSURANCE COMPANY, et al., Defendant-Appellant.
No. 29793-CA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1997.
*1194 Richie & Richie, LLP by Byron A. Richie, Shreveport, for Defendant-Appellant.
Nelson, Hammons & Self by Sydney B. Nelson, Shreveport, for Plaintiff-Appellee.
Before NORRIS, WILLIAMS and CARAWAY, JJ.
WILLIAMS, Judge.
The defendants, Midland Risk Insurance Company ("Midland Risk") and Sharon Lemmons, appeal a judgment awarding the plaintiff, Ascension Smith, the sum of $8,000 in general damages, $2,000 for depreciation of her vehicle's value and $1,004.95 for car rental expenses. The trial court also found that Midland Risk breached its duty to fairly and promptly adjust plaintiff's claim and was therefore liable for statutory penalties of $5,000. For the following reasons, we affirm in part and reverse in part.

FACTS
On October 30, 1994, at approximately 5:45 p.m., the plaintiff, Ascension Smith, was driving with two passengers in Shreveport, Louisiana. After she stopped her automobile at the intersection of Kings Highway and Gilbert Street, a car driven by defendant, Sharon Lemmons, struck the rear of plaintiff's vehicle. The impact injured plaintiff and caused physical damage to the car, bending its frame. At all relevant times, Lemmons' automobile was insured by Midland Risk.
Following the collision, plaintiff was transported to the Schumpert Medical Center Emergency Room and was examined by Dr. Joseph Bianca. Cervical spine x-rays were negative, and Dr. Bianca diagnosed plaintiff's condition as cervical muscular pain. He prescribed Ibuprofen and Tylenol for pain relief. On November 4, 1994, the plaintiff, complaining of pain in her neck and upper back, was examined by Dr. A.E. Dean, Jr., who recommended physical therapy. The plaintiff testified that she attended several physical therapy sessions and then continued the treatment on her own at home.
On November 11, 1994, plaintiff visited Dr. George Beach, who had previously performed surgery on her lower back, because she was worried that the accident may have aggravated her existing condition. Dr. Beach diagnosed plaintiff's injuries as cervical and lumbar strain secondary to the accident and prescribed Motrin 600 for the pain. The plaintiff last saw Dr. Beach on November 30, 1994, with a complaint of residual pain beneath her right shoulder blade. Dr. Beach opined that her mild cervical discomfort would continue to improve.
The plaintiff filed a property damage claim with her automobile liability insurer, Allstate Insurance Company. On November 7, 1994, Allstate delivered to plaintiff a check in the amount of $7,746.21 for vehicle repairs. However, she did not authorize the repair work until two weeks later, after deciding not to use the vehicle as a trade-in for a new car. On November 9, 1994, plaintiff's counsel provided notice of her claim to defendant, Midland Risk, which agreed to reimburse plaintiff's rental expenses at a rate of $18.99 per day. The defendant later paid Allstate's subrogation demand.
On March 10, 1995, the defendant received plaintiff's demand letter, which included photocopies of medical records and bills, car rental charges for 49 days and a claim for $2,000 in vehicle depreciation. The letter requested payment of $10,000, the bodily injury policy limit, and sought the remaining balance of the property damage policy limit, as partial settlement of the claim.
In a letter dated March 29, 1995, the defendant offered to settle plaintiff's bodily injury *1195 claim for a total of $3,750, including $1,994 in general damages, and to reimburse the cost for 35 of the 49 rental days, but denied the depreciation claim. Subsequently, the plaintiff filed this action. In June 1996, the defendant offered to settle all claims for $6,200 and tendered payment of the medical expenses. Plaintiff rejected this offer.
At trial, the parties stipulated that Lemmons was at fault, that Midland Risk provided liability coverage of $10,000 per person, $20,000 per accident for bodily injury and $10,000 per accident for property damage, and that plaintiff was entitled to recover medical expenses of $1,228.50 and lost earnings of $527.50. Issues in dispute were the amount of general damages, vehicle depreciation, car rental costs and Midland's liability for statutory penalties.
The trial judge, in his written reasons, found that the testimony by plaintiff and her co-workers, along with the medical evidence, showed that plaintiff experienced severe discomfort and mental distress for no less than three months. The trial court rendered judgment in favor of the plaintiff, awarding $8,000 in general damages, $2,000 for depreciation of plaintiff's vehicle, and $1,004.95 for car rental expenses of 49 days. The trial court also assessed statutory penalties of $5,000 against Midland Risk, finding that it failed to timely pay the plaintiff's medical, rental vehicle and lost wage claims. Defendants appeal.

DISCUSSION
The defendants argue the trial court erred in awarding $8,000 in general damages to plaintiff. They contend the medical evidence of a soft-tissue injury does not support the award.
The trial court's assessment of monetary damages may not be disturbed absent an abuse of discretion. Marshall v. A & P Food Company of Tallulah, 587 So.2d 103 (La.App. 2d Cir.1991). In reviewing the issue of whether the trier of fact abused its discretion in making an excessive award, the appellate court must determine whether the award can be supported under the interpretation of the evidence most favorable to the plaintiff which reasonably could have been made by the fact finder. Graham v. Edwards, 614 So.2d 811 (La.App. 2d Cir.), writ denied, 619 So.2d 547 (La.1993).
In the present case, the plaintiff testified that at the time of the collision, she required assistance to get out of her vehicle. When plaintiff returned home from the emergency room, she was unable to fully turn her head to the left or right. Plaintiff received medical treatment from Dr. Beach and Dr. Dean, who prescribed medication for pain. Although plaintiff, the principal at Caddo Magnet High School, missed only two full days of work immediately after the accident, her pain made movement more difficult and as a result, she arrived at school later and left earlier than previously.
Plaintiff's secretary, Stena Tuminelo, and the school assistant principal, Dr. Beatrice James, testified that the plaintiff experienced difficulty performing tasks for three to four months following the accident. The plaintiff often required assistance with carrying books or her briefcase and at one point, needed to prop up her arm on top of stacked books in order to sign checks for school employees. At the time of trial, more than a year after the accident, plaintiff still experienced occasional neck pain as a result of the collision.
The foregoing testimony and the medical records admitted into evidence establish that as a result of the accident, plaintiff sustained an injury which interfered with her work and curtailed her normal, daily activities for several months. After reviewing the record, we cannot say the trial court abused its discretion in awarding $8,000 in general damages. The assigned error lacks merit.

Rental Expense
The defendants contend the trial court erred in awarding plaintiff $1,004.95 for car rental expenses of 49 days. Defendants argue the plaintiff's delay of fourteen days before authorizing repairs was unreasonable.
Damages for loss of use of a vehicle are recoverable for the period of time required for repair. Despot v. Stromatt, 488 So.2d 1104 (La.App. 2d Cir.1986). Loss of use damages are measured by the rental cost *1196 of a substitute vehicle. Romco Inc. v. Broussard, 528 So.2d 231 (La.App. 3rd Cir.), writ denied, 533 So.2d 356 (La.1988). A plaintiff must exercise due diligence to obtain vehicle repairs to support an award for loss of use. Despot v. Stromatt, supra.
Here, trial testimony established that the plaintiff explored the possibility of financing the purchase of a new automobile rather than repairing her damaged vehicle. Plaintiff sought the assistance of her son, who traveled to Shreveport from his residence outside the state. During the two-week period, plaintiff continued working with pain and she was seen by a physician. Based upon this record, we cannot say the trial court was clearly wrong in finding that this 60-year-old plaintiff exercised reasonable diligence in deciding to repair the vehicle and was entitled to recover the full amount of her rental costs. The assignment of error lacks merit.

Depreciation
Defendants argue the trial court erred in awarding $2,000 in damages for depreciation of the vehicle. They contend the evidence did not support a finding that the repaired vehicle's value had depreciated.
When property is damaged through the fault of another, the primary objective is to restore the property, as nearly as possible, to the state it was in immediately preceding the damage. The measure of damages is the cost of restoring the property to its former condition. Coleman v. Victor, 326 So.2d 344 (La.1976).
In a case involving damages to an automobile, where the measure of damages is the cost of repair, additional damages for depreciation may be recovered for the diminution of value due to the vehicle's involvement in an accident. There must be proof of such diminished value. Davies v. Automotive Casualty Ins., 26,112 (La.App.2d Cir. 12/7/94), 647 So.2d 419. The jurisprudence awarding damages for depreciation involves facts wherein a repaired vehicle decreases in value, despite a quality repair job, solely due to the fact that the vehicle was involved in a collision. Davies, supra; Romco, supra.
In the present case, the trial court accepted Billy Joe Baker, Jr., as an expert in the purchase and sale of used cars, and their value before and after collision damage and repair. Baker, with over twenty years experience in used car sales, testified that he examined plaintiff's automobile and could observe where the frame had been damaged and repaired. Baker opined that the vehicle's wholesale value had been reduced by $2,000 as a result of being damaged in an accident. The defendants' expert, Leonard Mathis, was an automobile appraiser with experience in collision damage repair. Mathis opined that the repairs to plaintiff's automobile were of such high quality that the vehicle had not depreciated in value.
The trial judge specifically found the testimony of plaintiff's expert to be more persuasive regarding the issue of depreciation. The factfinder is entitled to accept expert testimony unless it is patently unsound, and has broad discretion to assign appropriate effect and weight to an expert's testimony. Nejame v. Hamiter, 614 So.2d 848 (La.App. 2d Cir.1993). After reviewing the record, we conclude the proof presented by plaintiff is sufficient to support the trial court's finding that the vehicle's value had depreciated by $2,000. The assigned error lacks merit.

Statutory Penalties
Defendants contend the trial court erred in assessing statutory penalties of $5,000 against the insurer. Defendants argue that Midland Risk did not commit any of the acts specified in LSA-R.S. 22:1220 B and thus is not liable to pay the penalty imposed. We agree.
An insurer owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. LSA-R.S. 22:1220 A. The Louisiana Supreme Court recently held that although a right of action is available to both insureds and third party claimants under LSA-R.S. 22:1220, only the commission of one of the specific acts listed *1197 in LSA-R.S. 22:1220(B) would support a private action under the statute. Theriot v. Midland Risk, 95-2895 (La.5/20/97), 694 So.2d 184. Here, the trial court assessed penalties against Midland Risk on the basis of its failure to timely pay the plaintiff's claims pursuant to R.S. 22:1220 B(5).
LSA-R.S. 22:1220(B) provides in pertinent part:
Any of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
....
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious or without probable cause.
Subsection 1220 B(5), by its express language, applies only to claims due to an insured. The plaintiff is not a "person insured by the contract" between Midland Risk and Sharon Lemmons. Thus, plaintiff does not qualify as an insured and Section 1220 B(5) does not apply to her claim. See Levy v. Cummings, 25,475 (La.App.2d Cir. 1/19/94), 631 So.2d 55. Accordingly, we must reverse the trial court's assessment of statutory penalties against Midland Risk.

CONCLUSION
For the foregoing reasons, that part of the trial court's judgment awarding plaintiff $8,000 in general damages, $2,000 for depreciation of plaintiff's vehicle, and $1,004.95 for car rental expenses is affirmed. That part of the judgment assessing statutory penalties of $5,000 against Midland Risk is reversed. Costs of this appeal are assessed one-half to appellants, Midland Risk Insurance Company and Sharon Lemmons, and one-half to appellee, Ascension Smith.
AFFIRMED IN PART AND REVERSED IN PART.